UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| PATRICK GATHIGI KARANJA, | CASE NO. C08-1351-TSZ-BAT |
|---|---|
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| A. NEIL CLARK, | |
| Respondent. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On September 9, 2008, Patrick Gathigi Karanja ("petitioner"), proceeding pro se, filed a "Petition for Bond Reduction Pursuant to Doan v. INS," challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE") during the pendency of his removal proceedings. (Dkt. 6). Petitioner argues that his detention is unconstitutional because he is unable to afford the $20,000 bond amount imposed by the Immigration Judge, and requests that the Court order respondents to grant petitioner "a bond hearing before an Immigration Judge or in the alternative grant conditional supervised release with a reasonable bond." *Id.* at 7. Respondent has moved to dismiss, arguing that petitioner has received a bond redetermination hearing before an Immigration Judge, where it was determined that bond should remain at $20,000. (Dkt. 11). Respondent

REPORT AND RECOMMENDATION
PAGE – 1

contends that petitioner is not entitled to a second bond redetermination because he has not made such a request in writing or demonstrated changed circumstances since his prior bond redetermination as required under 8 C.F.R. § 1003.19(e). (Dkt. 11).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 6) be DENIED and respondent's motion to dismiss (Dkt. 11) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Kenya, who was admitted to the United States on September 19, 1998, as a non-immigrant F-1 student to attend Highline Community College, in Des Moines, Washington. (Dkt. 13 at R76, L9). The visa authorized petitioner to remain in the United States for the duration of his status as a full time student at a service approved educational institution. (Dkt 13 at L9).

On April 7, 2008, immigration officials encountered petitioner at the Pierce County Jail in Tacoma, Washington, where he was detained on charges of Assault in the Fourth Degree and Interference with the Reporting of Domestic Violence. (Dkt. 13 at 9-10). They determined that petitioner had not attended school since the Fall of 1999 in violation of the terms of his admission, and had remained in the United States illegally for the past nine years.[1] *Id.* ICE issued an immigration detainer, and petitioner was released into ICE custody and transferred to the Northwest Detention Center in Tacoma, Washington, the same day. (Dkt. 13 at R4, L9).

On April 8, 2008, ICE issued a Notice to Appear, placing petitioner in removal proceedings and charging him with being subject to removal from the United States under Section 237(a)(1)(B)

---

[1] Immigration officials also found that petitioner had been arrested eleven times resulting in six convictions, including Attempted Forgery in 2001, Driving While License Suspended or Revoked in 2002, Obstructing a Law Enforcement Officer in 2004, Driving under the Influence in 2005, and Driving While License Suspended in 2007. (Dkt. 13 at 9-10).

REPORT AND RECOMMENDATION
PAGE – 2

of the Immigration and Nationality Act ("INA"), for remaining in the United States for a time longer than permitted, and under INA § 237(a)(1)(C)(i), for failing to comply with the conditions of his nonimmigrant visa. (Dkt. 13 at L4). ICE also issued a Notice of Custody Determination, setting bond in the amount of $20,000. (Dkt. 13 at L2). Petitioner requested a bond redetermination hearing before an Immigration Judge ("IJ") and submitted documentation in support of his release, including medical records, support letters from friends and family, a business license, a personal declaration, and additional personal references. (Dkt. 13 at L112-26). On April 28, 2008, the IJ issued a custody order, determining that bond should remain at $20,000. (Dkt. 13 at L33). Petitioner reserved appeal of the IJ's bond redetermination but did not submit an appeal to the Board of Immigration Appeals ("BIA").

On September 9, 2008, petitioner filed the instant Petition for Writ of Habeas Corpus, challenging his continued detention. (Dkt. 1). On October 30, 2008, respondent filed a Return and Motion to Dismiss. (Dkt. 11). Petitioner did not file a response.

The IJ subsequently denied petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and ordered him removed to Mexico. Petitioner filed an appeal of the IJ's decision with the BIA on December 4, 2008, which remains pending.

### III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See* INA § 236(a), 8 U.S.C. § 1226(a). Section 236(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained

pending a decision on whether the alien is to be removed from the United States, Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
(1) may continue to detain the arrested alien; and
(2) may release the alien on –
    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
    (B) conditional parole . . .

8 U.S.C. § 1226(a).

After an alien is arrested and taken into custody, the local ICE office makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. §§ 236.1(c)(8), 236.1(d). After the initial custody determination, the alien may request a bond redetermination by an Immigration Judge. *See* 8 C.F.R. § 236.1(d). The alien may further appeal the Immigration Judge's bond determination to the BIA. *See* 8 C.F.R. § 236.1(d)(3). Once an Immigration Judge has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

In a bond hearing, the burden is on the detainee to show to the satisfaction of the Immigration Judge that he or she warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). An Immigration Judge may also consider any number of discretionary factors, including: "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United

REPORT AND RECOMMENDATION
PAGE – 4

States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States." *Matter of Guerra*, 24 I&N Dec. at 40.

In the instant case, the administrative record shows that petitioner requested and received a bond redetermination hearing in March 2008 before an Immigration Judge who determined that petitioner's bond amount should remain at $20,000. Petitioner did not appeal the Immigration Judge's bond decision to the BIA, nor did he request a subsequent bond redetermination hearing by an Immigration Judge. Petitioner argues that because he is unable to afford the $20,000 bond imposed by the Immigration Judge, the amount is unreasonable and violates his constitutional rights. (Dkt. 6). He requests that the Court order respondents to grant him "a bond hearing before an Immigration Judge or in the alternative grant conditional supervised release with a reasonable bond." *Id.* at 7. Respondent argues that petitioner "should not be allowed to seek a judicial order requiring an IJ to conduct a second bond hearing until he has exhausted his administrative remedies by seeking a second bond hearing from an IJ, and making the required showing that his circumstances have changed materially since the prior bond hearing, and if necessary seeking an appeal with the BIA of the second bond determination." (Dkt. 11 at 5-6).

Despite respondent's argument to the contrary, review is not precluded by petitioner's failure to exhaust his administrative remedies. *See Pastor-Camarena v. Smith*, 977 F. Supp. 2d 1415, 1417 (W.D. Wash. 1997); *Nguyen v. Fasano*, 84 F. Supp. 2d 1099, 1107 (S.D. Cal. 2000). While exhaustion is generally required for judicial review of orders of removal under INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), there is no statutory requirement of exhaustion of administrative

REPORT AND RECOMMENDATION
PAGE – 5

remedies where a habeas petition challenges detention. *See id; see also Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1129-30 (S.D. Cal. 1999) (finding that "[w]here a statute does not explicitly require administrative exhaustion, the decision of whether to require exhaustion is left to judicial discretion.").

The Ninth Circuit, however, has recently held that a petitioner's challenge to the reasonableness of the amount of bond is not subject to judicial review. *See Prieto-Romero*, 534 F.3d 1053 (9th Cir. July 25, 2008). In *Prieto-Romero*, the petitioner, like petitioner here, complained that the Immigration Judge had set an excessively high bond amount which prevented his release from detention. The Ninth Circuit found that the Court had no authority to reach the merits of his claim under INA § 236(e), 8 U.S.C. § 1226(e), which provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Therefore, as the Ninth Circuit has determined, the Attorney General's decision to set petitioner's bond in the amount of $20,000 is a discretionary judgment that is not reviewable by this Court.[2] *See id*.

Petitioner further claims that because he is financially unable to pay the $20,000 bond amount imposed by the Immigration Judge, his detention is indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001), the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), authorizes the Attorney General "to

---

[2]The Court notes that although it is not licensed to review the reasonableness of the amount of bond, this Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority.

REPORT AND RECOMMENDATION
PAGE – 6

detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court concluded that after a presumptively reasonable six-month period of post-removal-period detention, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Here, however, petitioner's detention is not indefinite because he "remains *capable* of being removed – even if it has not yet finally been determined that he *should be* removed." *See Prieto-Romero*, 534 F.3d 1053, 1065 (9th Cir. 2008). Once petitioner's legal proceedings have been completed, ICE will remove or release petitioner. Thus, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." *See Prieto-Romero*, 534 F.3d at 1063.

Petitioner also relies on the Ninth Circuit's decision in *Doan v. INS*, 311 F.3d 1160, 1162 (9th Cir. 2002). In *Doan*, the petitioner had been ordered removed to Vietnam, but Vietnam refused to accept him. Thus, in accordance with *Zadvydas*, Doan was released on $10,000 bond because his removal was no longer reasonably foreseeable in light of Vietnam's refusal. Doan posted bond and was released, but challenged the imposition of the bond. The Ninth Circuit held that, "the imposition of a bond as a condition of release was within the exercise of discretion contemplated under the statute and implicitly ratified by the Supreme Court's decision in *Zadvydas*." *Doan,* 311 F.3d at 1161. The court suggested that, in certain circumstances, "serious question may arise

REPORT AND RECOMMENDATION
PAGE – 7

concerning the reasonableness of the amount of bond if it has the effect of preventing an alien's release." However, the court never reached the issue of whether the $10,000 bond amount was reasonable because Doan's family had posted the bond.

Here again, unlike *Doan*, petitioner has not shown that his removal is not reasonably foreseeable. Once his legal proceedings have been completed, ICE will remove or release him. "Because [petitioner's] detention does not run afoul of the implicit statutory limitation announced in *Zadvydas*, he remains lawfully detained . . . and *Doan* does not license us to review the reasonableness of the amount of bond, even if [petitioner] cannot afford to post it." *See Prieto-Romero*, 534 F.3d at 1067. Accordingly, petitioner's detention is not indefinite, and the Court has no authority to review or reduce the Immigration Judge's bond amount.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 15th day of December, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge